**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit organization; ALLIANCE FOR THE WILD ROCKIES, a non-profit organization; MONTANA ECOSYSTEMS DEFENSE COUNCIL, a non-profit organization; NATIVE ECOSYSTEMS COUNCIL, a non-profit organization,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>TIM GARCIA, in his official capacity as Forest Supervisor for the Lolo National Forest; FAYE KRUEGER, in her official capacity as Regional Forester for the United States Forest Service, Region One; UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DANIEL M. ASHE, in his official capacity as Director of the U.S. Fish & Wildlife Service; U.S. FISH & WILDLIFE SERVICE, an agency of the United States Department of the Interior,<br><br>Defendants - Appellees. | No.   14-35463<br><br>D.C. No. 9:11-cv-00125-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Donald W. Molloy, District Judge, Presiding

Argued and Submitted May 3, 2016
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Friends of the Wild Swan, Alliance for the Wild Rockies, Montana Ecosystems Defense Council, and Native Ecosystems Council (collectively, "Plaintiffs") appeal the district court's summary judgment in favor of the United States Forest Service, United States Fish & Wildlife Service, and three individuals (collectively, the "Government Defendants") in this suit challenging the decision authorizing the Colt Summit Restoration and Fuels Reduction Project ("the Project"). We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand.

1. The "identification of the geographic area" that will be impacted by the Project "is a task assigned to the special competency of the appropriate agencies." *Kleppe v. Sierra Club*, 427 U.S. 390, 414 (1976); *see also Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 973 (9th Cir. 2002) ("Ordinarily, an agency has the discretion to determine the physical scope used for measuring environmental impacts."). The Forest Service appropriately justified its decision to look only at the Clearwater Lynx Analysis Unit in measuring the Project's impact on the lynx and its critical habitat, noting, for example, that the Unit "would comprise more than

1 female homerange" and that the Project in total would impact "less than 10% of the Clearwater LAU."

2. Plaintiffs contend that formal consultation under 50 C.F.R. § 402.14 between the Forest Service and the Fish and Wildlife Service was required because the Government Defendants failed to apply definitions in the Fish & Wildlife Service's Consultation Handbook and incorrectly found the Project "not likely to adversely affect" the Canada lynx. But, Plaintiffs did not preserve this issue for appeal; they failed to raise it either in opposition to the Government Defendants' motion for summary judgment or in response to the Government Defendants' motions to dissolve the injunction. Thus, the issue is waived. *See, e.g.*, *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) (declining to reach the merits of an issue that was not raised in the district court).

3. The Forest Service relied at least in part on "the standards in the 2007 Northern Rockies Lynx Management Direction" (the "Lynx Amendments") in analyzing the Project's effects. In *Cottonwood Environmental Law Center v. United States Forest Service*, issued after the decision below, we held that, because of procedural flaws, "the Forest Service must reinitiate consultation on the Lynx Amendments." 789 F.3d 1075, 1085 (9th Cir. 2015). We therefore vacate the district court's determination that the Forest Service complied with the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, in relation to the lynx and lynx critical habitat.

On remand, the district court should consider in the first instance the Government Defendants' argument that the Forest Service performed sufficient independent analysis of the Project to render any reliance on the Lynx Amendments harmless.

4.      Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**